The opinion of the court was delivered by
Tilghman, C. J.
Richard Neave died in the year, 1809, in the county of Philadelphia, haying made-his. last will and testament in writing, and appointed Robert Corrie, Francis M‘Shane, and William Smith, the executors of his said will. The will was pi’oved on the 4th March, 1809. The executors,, of whom Smith was the survivor, are all dead; and although their accounts have not been finally settled, yet it appears' from the papers filed in the office .of the Register of wills, that there is a balance due from each of them-to the estate of the testator. It does not appear, that Neave left any kin. Upon the death of William Smith, the surviving executor, who died intestate, his son Samuel Smith, (his administrator,)-applied for letters of administration on the estate of Neave, (with the will annexed.) Application was also made by Alexander Stewart, the appellant, upon the ground of his being a creditor of Neave. The Register’s Court, having heard the parties, granted the administration to Samuel Smith, whereupon Stewart entered an appeal. '
It does not appéar, that Stewart Was a creditor, so that he has no pretence to the administration. That is conceded by his counsel; but they contend, that letters ought not to, have been granted to Samuel Smith, and 'therefore this court should revoke them. The reason they assign, is, 'that the executors of Neave took'his.estate in trust, and not for their own benefit, and. therefore the son of the surviving executor had no right to the administration, and ought not to have it, because the estate of his father is debtor to the estate of Neave, and the administration would be more properly granted to another, who might call the representatives of all the executors to an account. Neave died seised, and possessed, of a considerable estate, both real and personal, and it is.supposed that be was indebted both here, and in England where.he fórmerlyresided. He devised all his estate, both real and personal, to his executors ' and their heirs,' gave directions as to the manner of paying his debts, and then- gave'£ 4 the residue, if any, to the. discretion of his executors, to distribute in such manner as they may think proper .” These are the words of the will. It has been argued with great force as well as ingenuity, by the counsel of Samuel Smith, that the executors of Neave took the residue of his estate, not in trust, but for their own benefit. It is unnecessary to decide that *190 point at present; and I will only remark,, that there will be considerable difficulty in establishing a trust, where the testator has not expressly said that a trust was intended, where the object- of the supposed trust is so undefined, and the power of distribution vested in the executors, is so unlimited. It cannot be said, that any person has a right to the administration in this case, because the statutes which direct the manner of granting administration, have not provided for it. If William Smith, the surviving executor of Neave, had made a will and appointed an executor, that exbcutor would of course have been the executor of Neave. But having died intestate, there is no privity between his administrator and the executors of Neave. In such cases, it has been usual to grant administration with the will annexed,' to some of those persons who were residuary legatees of the testator, or if there were no residuary legatees, to some of those who were interested in the estate as next of kin, or otherwise.
In the-case before us there are. no kin) nor was the grant of the administration to Smith, opposed by the creditors .of Neave, or by the commonwealth, to whom the counsel for the appellant suppose, the residue may, perhaps, belong by escheat. It is conceded, that the administration has been committed to a person of fair character, who has given good security to the amount required by the Register’s Court. .Under these circumstances, it is not perceived, on what principle this court should revoke the letters. The discretion of the Register’s Court, seems to have been well exercised, in a matter which the law committed to their sound discretion. The surviving executor of Neave had the legal property in the residue of his estate, and it certainly is,by no means clear (to say the least of it,) that there was any outstanding equity against him. ' But if the commonwealth, or any individual, conceive that they have an equity, the administrator, with the will annexed, may be called, to account. The only objection to Samuel Smith, which has .the least plausibility is, that supposing his.father to be indebted to the estate of Neave, it is not his interest to make up the account. But there is such a thing as carrying jealousy too far. No person has been proposed, who was better qualified. No person who had a right to be jealous, has expressed his.jealousy. And it is to be recollected, that Samuel Smith having the possession of his father’s papers, has the means of a better knowledge of the estate of Neave, than any other person, and consequently, will be better qualified for collecting the debts due .to the estate, and/epelling any unjust claims, which may be brought forward ■ against it. I am therefore of opinion, that the decree of the Register’s Court should be affirmed.
Decree affirmed.